IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED U.S. DISTRICT COURT

2006 FEB -7  P 2: 01

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| RICKY FACKRELL,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | MEMORANDUM OPINION AND ORDER<br><br>Case No. 2:06-CV-55TC |

Petitioner Ricky Fackrell pleaded guilty to committing a Hobbs Act Robbery and brandishing a firearm during a crime of violence. After hearing arguments from the government and the defendant, the court sentenced Mr. Fackrell to prison for forty-one months for the robbery and eighty-four months for brandishing a firearm during that robbery. The court ordered that those terms be served consecutively.

This matter is now before the court on Mr. Fackrell's motion to vacate, set aside, or correct his sentence. Mr. Fackrell, proceeding pro se, contends that he was inadequately represented by his attorney. Specifically, he alleges that he suffered prejudice because his primary attorney was not present at the time of sentencing, having sent another attorney from his firm in his stead.

The court recognizes that *pro se* litigants' pleadings should be construed more liberally than if outside counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. State of N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient

standard, Mr. Fackrell's claims for relief are meritless. For the reasons set forth below, Mr. Fackrell's motion to vacate, set aside, or correct his sentence is DENIED.

## ANALYSIS

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. U.S. v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996). "Judicial scrutiny of counsel's performance is highly deferential." Id. To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 555.

Here, Mr. Fackrell has not identified any action taken or not taken by his lead attorney that could be construed as deficient representation. The only alleged deficiency in representation alleged by Mr. Fackrell is that his lead attorney was absent from his sentencing proceeding and that his lead attorney was "more knowledgeable" about the facts and circumstances of his case than the attorney sent to represent him at the time of sentencing. Mr. Fackrell raises no allegations, nor is there any evidence to support such allegations if raised, that the attorney representing Mr. Fackrell at the sentencing proceeding was inadequately prepared to handle the representation in question. In short, the lead attorney's decision to send another lawyer from his firm to handle the sentencing proceedings cannot be considered deficient representation. Further, Mr. Fackrell has failed to identify how the absence of his lead attorney resulted in prejudice to

himself. In other words, Mr. Fackrell has not convinced this court that the outcome of his sentencing proceeding would have been different had lead counsel been present.

For the reasons stated above, Petitioner's motion is DENIED.

DATED this __7__ day of February, 2006.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
United States District Judge